UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA,

    -v.-                                                 10 CR 00469 (GBD)

TERRENCE MAINER,

            Defendant.

------------------------------------------------------X

## SENTENCING MEMORANDUM

Law Offices of Scott B. Tulman
& Associates, PLLC.
By:  Scott B. Tulman
369 Lexington Ave, 15th Fl
New York, New York 10017
(212) 867-3600

LAW OFFICES OF
# Scott B. Tulman & Associates, PLLC

SCOTT B. TULMAN

CAROLYN L. ATTARDI*

SUSAN G. PAPANO

JENNY ZHAO, OF COUNSEL

*ADMITTED TO PRACTICE IN N.Y. & CT.

369 LEXINGTON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10017
(212) 867-3600
TELECOPIER: (212) 867-1914

WWW.TULMANLAW.COM

MADISON TOWER
148 MADISON STREET
NEW YORK, NEW YORK 10002
(212) 406-4776
TELECOPIER: (212) 406-2726

14 MAMARONECK AVENUE
WHITE PLAINS, NEW YORK 10601
(914) 861-2167

April 18, 2011

Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, New York

    Re:    <u>United States v. Terrence Mainer</u>
              10 CR 00469 (GBD)

Dear Judge Daniels:

       Defendant Terrence Mainer ("Mainer") respectfully submits this letter in connection with his sentencing scheduled for April 27, 2011, at 10:00 p.m. For all of the reasons set forth below, we respectfully submit that a sentence of 34 months, with mental health treatment, and participation in the 500 hour residential substance abuse treatment programs (RDAP), would be a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing, as required by 18 U.S.C. §3553(a).

Background

       Mainer is a 28 year old American citizen raised in an extraordinarily dysfunctional environment. His father was a crack addict who rarely, if ever, was in the home and Mainer had no relationship with him. His mother was a "sex addict" who neglected and abandoned Mainer, sometimes for months at a time, while going out or living with various men. Mainer recalled having to steal food from a local convenience store at the age of 11 while depending on the charity of neighbors simply to sustain himself. Not surprisingly, by the age of 14, Mainer was committed to a juvenile facility where he resided from ages 14 to 17. It also should come as no surprise that given his traumatic childhood Mainer has been diagnosed as suffering from mental illness, was hospitalized for one month in an institution after attempting suicide, is a lifelong substance and alcohol abuser (since the age of 10), and most recently has been diagnosed for hearing voices. Simply stated, Mainer is a troubled person in desperate need of evaluation and treatment for the serious abuse and neglect that has defined his life to this point. (See PSR ¶¶ 43, 44, 50)

SCOTT B. TULMAN & ASSOCIATES, PLLC

Honorable George B. Daniels
April 18, 2011

Page 2 out of 3

On January 8, 2010, Mainer was released to parole supervision after being convicted in New York of the crime of Robbery in the Third Degree in violation of Penal Law §160.15. Although Mainer had a string of misdemeanor arrests dating back to age 19, the robbery conviction was Mainer's <u>first</u> felony conviction and it arose out of a purse snatching <u>without</u> displaying or using a weapon. (See PSR ¶ 34).

On January 24, 2010, only two weeks after his release on parole, two uniformed police officers were on routine patrol in a police car when they allegedly observed Mainer adjust his clothing and then heard something that sounded like metal hitting the ground. The officers responded to the area and recovered a pistol and two bullets in the area where Mainer had been standing. Mainer was arrested, taken into State custody, and charged with Criminal Possession of a Weapon. He remained in State custody, unable to make bail. No claim is made that Mainer displayed or used the pistol in connection with the commission of any other criminal offense.

Three months later, on April 27, 2010, Mainer was arrested and taken into Federal custody on a writ of *habeas corpus ad prosequendum.* On November 9, 2010, without the benefit of a plea agreement, Mainer pled guilty as charged to a one count indictment filed on May 27, 2010, charging him with possessing an unloaded .32 caliber pistol and two .32 caliber bullets on January 24, 2010, after having a prior felony conviction, in violation of 18 U.S.C. 922(g)(1). By waiving his constitutional rights and agreeing to plead guilty as charged, Mainer voluntarily waived his right to challenge the somewhat questionable circumstances surrounding the discovery of the weapon, and his subsequent arrest.[1]

Guidelines Calculations

The Department of Probation in the PSR and the Government in a *Pimentel* letter dated October 7, 2010, both calculate Mainer's advisory guidelines as calling for a sentence within the range of 37 to 46 months. We agree with this Guidelines analysis.

Defense Recommendation

Without seeking to excuse or minimize the gravity of Mr. Mainer's conduct in possessing a weapon and bullets, we respectfully submit that the Court sentence Mainer to a term of 34 months, three months below the low end of the advisory guideline range. We seek this sentence because Mainer will not, but should, receive credit for the three months he spent in state custody

---

[1] I was informed by Mainer's assigned counsel in the State case that she believed there were viable search and seizure issues presented that could result in the suppression of both the weapon and the fruits of Mainer's unlawful arrest, i.e. his statements. Upon information and belief, the State case was dismissed after Mainer was taken into Federal custody.

2

Scott B. Tulman & Associates, PLLC

Honorable George B. Daniels
April 18, 2011

Page 3 out of 3

prior to his arrest and prosecution in the Federal court for the same offense behavior that was being prosecuted in the state. A sentence at the lowest end of the guideline range is also appropriate because Mainer has only one prior felony conviction and that felony was not a violent felony offense under New York law. See Penal Law, § 70.02(c).

We also request that the Court expressly direct that Mainer receive credit for all time spent in Federal custody, that is from April 27, 2010, since he will not otherwise receive Fedeal credit for this time. Finally, we also strongly recommend that Mainer be designated to an institution where he can be evaluated and receive the benefit of mental health treatment as well as the 500 hour residential drug treatment program, and vocational training.

The statutory scheme expressly provides that the Court should consider the need to fashion a sentence that provides "the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(2)(D). We respectfully submit that this sentencing consideration is of paramount importance in this case. Without the benefit of desperately required mental health and substance abuse treatment, and vocational training, the prognosis for this understandably troubled young man is guarded, at best.

Respectfully submitted,

Scott B. Tulman
Attorney for Terrence Mainer

cc:   Alvin Bragg, Esq.
      Assistant United States Attorney